■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McEWEN, Appellant. [623 NYS2d 37] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of five counts of sexual abuse in the first degree and six counts of sodomy in the first degree in connection with his sexual contact and deviate sexual intercourse with two young girls in November and December 1991. He contends that he was denied his right to a speedy trial in violation of CPL 30.30. We disagree. The People are chargeable with only 97 days of preindictment delay (see, People v McCaffery, 78 AD2d 1003; see also, People v Middlemiss, 198 AD2d 755). The People are not chargeable with any period of post-readiness delay. Such delay is charged to the People only when it is occasioned by prosecutorial inaction that has a

bearing on the People's readiness to proceed (see, People v McKenna, 76 NY2d 59, 63; People v Anderson, 66 NY2d 529, 535; People v Roberts, 176 AD2d 1200, 1201, lv denied 79 NY2d 831). Defendant failed to show that, after the People announced their readiness for trial, they were in fact unable to proceed (see, People v McKenna, supra, at 63-64).

Defendant's conviction is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The suppression court's determination that defendant's confession was not involuntary, but was made after defendant knowingly and voluntarily waived his Miranda rights, is supported by the record and should not be disturbed (see, People v Williams, 62 NY2d 285; see also, People v Anderson, 42 NY2d 35). Defendant failed to preserve for review his contention that the indictment lacked sufficient specificity to enable him to prepare a defense (see, CPL 470.05 [2]). In any event, that contention lacks merit (see, People v Keindl, 68 NY2d 410, rearg denied 69 NY2d 823; People v Miller, 197 AD2d 925, lv denied 83 NY2d 807).

Contrary to the assertion of defendant, the record establishes that defendant's attorney provided meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). Finally, we conclude that the court did not abuse its discretion in sentencing defendant as a persistent felony offender, and that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.