■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MITCHELL, Appellant. [653 NYS2d 459] — Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied his right to counsel (*see*, US Const Sixth Amend; NY Const, art I, § 6) because the pretrial court erred in failing to provide him with counsel from June 29, 1992 to July 30, 1993. Under the circumstances of this case, we conclude that defendant was not deprived of his right to counsel. The lack of counsel was caused by defendant having repeatedly advised the court that he would retain counsel, the court's proper determination that he was ineligible for the Assigned Counsel program, and his failure to submit a sworn statement concerning a change in his financial status. Moreover, the record establishes that, upon determining that defendant was entitled to assigned counsel, the court immediately assigned counsel and allowed counsel to conduct the defense as if he had been appointed prior to defendant's arraignment.

We further conclude that the court properly denied defendant's motion to dismiss the indictment on the ground that defendant was denied his statutory right to a speedy trial. The criminal proceeding against defendant commenced with the filing of a felony complaint on September 19, 1991, and the People announced their readiness for trial on February 27,

1992, some 162 days later. Thus, the People announced their readiness for trial within the six-month period required by CPL 30.30 (1) (a). Defendant contends that the People must be charged with postreadiness delays arising from their failure to provide discovery items and *Rosario* material and their failure to produce the Grand Jury minutes required for resolution for defendant's pretrial CPL 210.30 motion. Not all postreadiness delays are chargeable to the People pursuant to CPL 30.30, however, and the criminal action should not be dismissed "if the [postreadiness] failure, although it affected defendant's ability to proceed with trial, had no bearing on the People's readiness, or if a lesser corrective action, such as preclusion or continuance, would have been available had the People's post-readiness default occurred during trial" (*People v Anderson*, 66 NY2d 529, 534). Those delays are only chargeable to the People if they constitute "a direct impediment to commencement of the trial" (*People v England*, 195 AD2d 751, 752, *affd* 84 NY2d 1, *rearg denied* 84 NY2d 846; *see, People v McKenna*, 76 NY2d 59, 64). Because the failure of the People to produce discovery items and *Rosario* material did not affect their readiness to proceed, any delay in producing those items and that material is not chargeable to the People (*see, People v Anderson, supra*, at 534; *People v Roney*, 222 AD2d 1114; *People v Kindlon*, 217 AD2d 793, *lv denied* 86 NY2d 844; *People v McEwen*, 212 AD2d 1001, 1002, *lv denied* 86 NY2d 738). Furthermore, the People are not chargeable with any delay in producing the Grand Jury minutes. The record establishes that defendant sought production of those minutes in support of a pretrial CPL 210.30 motion on October 25, 1993, and the People provided the minutes to the court on October 27, 1993. Thus, the People provided the minutes within a reasonable time (*see, People v Harris*, 82 NY2d 409; *People v Rodriguez*, 214 AD2d 1010).

From our review of the record, we conclude, however, that the People are chargeable with the 21-day continuance, granted at their request, from December 21, 1992 to January 11, 1993 (*see, People v Cajigas*, 224 AD2d 370, *lv denied* 88 NY2d 845). Adding that postreadiness delay to the pre-announcement of readiness period, the People were ready for trial within the six-month period in CPL 30.30 (1) (a).

Defendant further contends that his constitutional right to a speedy trial was violated by the 36-month delay between the filing of the felony complaint and the commencement of trial. Upon consideration of the relevant factors, including the extent and reasons for the delay, the nature of the underlying charges,

whether there had been an extended period of incarceration and whether the defense had been impaired by the delay (*see, People v Watts,* 57 NY2d 299, 302; *People v Taranovich,* 37 NY2d 442, 445), we conclude that defendant's constitutional right to a speedy trial was not abridged. The charges against defendant were serious and a large portion of the delay was attributable to defendant. Moreover, the record fails to establish that the death of three potential witnesses during that period significantly impaired his defense.

We have reviewed the remaining contentions raised by defense counsel and defendant in his *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Dadd, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.