■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT Y. DUKES, Appellant. [684 NYS2d 716] —Appeal from judgment insofar as it imposes sentence of incarceration unanimously dismissed and judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal trespass in the second degree (Penal Law § 140.15), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant contends that the prosecutor violated CPL 60.35 (1) by impeaching his own witness with a prior inconsistent statement. Because the witness's trial testimony did not affirmatively damage the People's case, the prosecutor was permitted to use the witness's prior statement to refresh the witness's recollection, but could not disclose its contents to the jury (*see, People v Sullivan*, 227 AD2d 895, *lv denied* 88 NY2d 995; *People v Lawrence*, 227 AD2d 893). To the extent that the prosecutor disclosed to the jury the number of times the witness had previously said she was hit and kicked, he violated CPL 60.35 (3). We conclude, however, that the error is harmless because defendant was acquitted of assault (*see generally, People v Swift*, 241 AD2d 949, 949-950, *lv denied* 91 NY2d 881, 1013). Finally, because defendant has completed serving his sentence, his contention that the sentence is unduly harsh or severe is moot (*see, People v Griffin*, 239 AD2d 936; *People v Ferguson*, 158 AD2d 712, 713). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Trespass, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.