■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE L. CLABEAUX, Appellant. [716 NYS2d 526] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress his statement to a police officer. Although the statement was made after defendant had received his *Miranda* warnings and requested counsel, it was made spontaneously and was not the result of police questioning (*see, People v Harris*, 57 NY2d 335, 342, *cert denied* 460 US 1047). Defendant's contention that the court erred in allowing the rebuttal testimony of a State Trooper is unpreserved for our review and, in any event, is lacking in merit. The rebuttal testimony was proper because it was offered to contradict the testimony of defendant that he accidentally struck the victim's motorcycle with his car (*see, People v Harris, supra*, at 345). Defendant further contends that the court erred in permitting the State Trooper on rebuttal to read into evidence the hearsay statement of an eyewitness. That contention is also unpreserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The court properly allowed the People to amend the indictment to delete the word "serious" before the phrase "physical injury" in the charge of assault in the second degree. The amendment was necessary in view of the statutory language and the jury's charge and did not change the theory of the People's case or otherwise prejudice defendant (*see*, CPL 200.70 [1]; *People v Penna*, 261 AD2d 641, *lv denied* 93 NY2d 976). The record establishes that defendant received effective assistance of counsel (*see, People v Benevento*, 91 NY2d 708, 712-713).

We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Assault, 2nd Degree.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.