■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LERON HUCKS, Appellant. [738 NYS2d 792] —Appeal from a judgment of Supreme Court, Monroe County (Fisher, J.), entered January 20, 2000, convicting defendant after a jury trial of, inter alia, rape in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject defendant's contention that Supreme Court erred in allowing the prosecutor to elicit evidence concerning uncharged crimes or prior bad acts without seeking a *Ventimiglia* ruling. Testimony that defendant possessed a shotgun and a rifle at the apartment he shared with the complainant is not evidence of an uncharged crime absent further proof that his possession of those items was illegal (*see, People v Brown,* 277 AD2d 974, *lv denied* 96 NY2d 756; *People v Powell,* 209 AD2d 879, 881, *lv denied* 84 NY2d 1037). "[M]ere speculation that a jury may discern something sinister about a defendant's behavior does not render such behavior an uncharged crime" (*People v Enoch,* 221 AD2d 253, 254, *lv denied* 88 NY2d 965). In any event, evidence of defendant's possession of those weapons was relevant only to the element of forcible compulsion in the two counts charging rape in the first degree (Penal Law § 130.35 [1]), and defendant's acquittal of those counts renders any error in admitting that evidence harmless (*see, People v Dukes,* 256 AD2d 1181, *lv denied* 93 NY2d 872). Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.