■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET PEARSON, Appellant. [744 NYS2d 619] —Appeal from a judgment of Ontario County Court (Doran, J.), entered March 9, 2001, convicting defendant after a jury trial of, inter alia, grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]), conspiracy in the fifth degree (§ 105.05 [1]), falsifying business records in the first degree (§ 175.10), and petit larceny (§ 155.25). Contrary to defendant's contention, County Court properly admitted opinion evidence from the store's loss prevention officer indicating that defendant and another woman were "working together." The People established that the loss prevention officer possessed the "requisite skill, training, education, knowledge or experience from which it can be assumed that the * * * opinion rendered is reliable" (*Matott v Ward,* 48 NY2d 455, 459). We reject the further contention of defendant that the court erred in permitting a prosecution witness to testify in rebuttal that defendant's co-conspirator had previously stated that she was afraid of defendant. The rebuttal testimony was properly admitted because it was offered to contradict the testimony of the co-conspirator that she had a close, friendly relationship with defendant (*see People v Clabeaux,* 277 AD2d 988, *lv denied* 96 NY2d 781). The further contention of defendant that she was denied her statutory right to a speedy trial based on the People's alleged delay in disclosing *Rosario* material is lacking in merit. The People properly disclosed that *Rosario* material after jury selection and before the first witness was sworn (*see* CPL 240.45 [1]), and thus there was no delay. In any event, even if there had been a delay, we would nevertheless conclude that such delay "did not affect their readiness to proceed [to trial], [and thus] any delay in producing * * * that material is not chargeable to the People" (*People v Mitchell,* 234 AD2d 965, 966, *lv denied* 89 NY2d 1097; *see People v Roney,* 222 AD2d 1114). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe, and Gorski, JJ.