██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MCWILLIAMS, Appellant. (Appeal No. 1.) [852 NYS2d 523]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 8, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed a three-year period of postrelease supervision for criminal possession of a weapon in the third degree is unanimously dismissed (*see People v Haywood*, 203 AD2d 966 [1994], *lv denied* 83 NY2d 967 [1994]) and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (former § 265.03 [2]), and criminal possession of a weapon in the third degree (former § 265.02 [4]). The charges arose out of an incident in which defendant and another individual accosted the victim on the street, and the confrontation culminated in the victim's death from multiple .380 caliber gunshot wounds. Defendant was shot in the arm by a .22 caliber bullet during the confrontation, and he raised the defense of justification at trial.

Defendant contends that reversal is required because Supreme Court erred in its charge on justification in the use of deadly physical force by defining the term "initial aggressor" within the meaning of Penal Law § 35.15 (1) (b) as "the first person who uses or threatens the imminent use of offensive physical force." Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]) and, in any event, we conclude that reversal is not required based on the court's justification charge, which mirrored the model charge set forth in 1 CJI(NY) 35.15. We agree with defendant that, where there is a reasonable view of the evidence that the defendant initiates nondeadly offensive force and is met with deadly physical force, the defendant may be justified in the use of defensive deadly physical force and that, in such cases, the term initial aggressor is properly defined as the first person in the encounter to use *deadly* physical force (*see e.g. People v Daniel*, 35 AD3d 877, 878 [2006], *lv denied* 8 NY3d 945 [2007]; *People v Walker*, 285 AD2d 364 [2001], *lv denied* 97 NY2d 643 [2001]; *People v Mickens*, 219 AD2d 543 [1995], *lv denied* 87 NY2d 904 [1995]). We nevertheless conclude that, despite the absence of the word "deadly" from that part of the court's charge defining the term initial aggressor, the court's justification charge adequately conveyed to the jury that defendant could be justified in the use of deadly physical force to defend himself against deadly physical force initiated by the victim. Thus, the justification charge, viewed in its entirety, was "a correct statement of the law" (*People v Coleman*, 70 NY2d 817, 819 [1987]; *see People v Melendez*, 11 AD3d 983, 983-984 [2004], *lv denied* 4 NY3d 888 [2005]; *see generally People v Ladd*, 89 NY2d 893, 895 [1996]; *People v McDaniels*, 19 AD3d 1071 [2005], *lv denied* 5 NY3d 830 [2005]).

Contrary to the further contention of defendant, the court properly refused to suppress his oral and written statements made to the police. Although defendant was detained and questioned by the police for approximately 16 hours, "that does not, by itself, render the statement[s] involuntary" (*People v Weeks*, 15 AD3d 845, 847 [2005], *lv denied* 4 NY3d 892 [2005]). Here, as in *Weeks*, defendant waived his *Miranda* rights, there were several breaks in the questioning, and defendant was provided with food and drink (*see id.*) and, in addition, he slept during one of the breaks (*see generally People v Whorley*, 286 AD2d 858 [2001], *lv denied* 97 NY2d 689 [2001]; *People v Nelson*, 234 AD2d 977 [1996], *lv denied* 89 NY2d 1039 [1997]).

We have considered the remaining contentions of defendant, including those raised in the pro se supplemental brief, and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.