■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC D. CARR, Appellant. [872 NYS2d 626]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 21, 2007. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Contrary to defendant's contention, the evidence is legally sufficient to establish the element of intent with respect to the attempted murder count (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The surveillance video from a store establishes that defendant and the codefendant, his father, chased the victim through the store and that defendant shot the victim. The video further establishes that, after the victim ran from the store, defendant reloaded his gun and he, the codefendant and another man left the store. A security guard at a nearby apartment complex testified that the injured victim was lying on the ground when defendant again shot the victim. Viewing the evidence in light of the elements of the crime of attempted murder as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). The contention of defendant that his actions were justified because he was attempting to defend the codefendant is belied by the record.

Defendant failed to object to Supreme Court's charge on the defense of justification and therefore failed to preserve for our review his contention that the court erred in failing to instruct the jury with respect to attempted murder that a person may be justified in using deadly physical force in defense of a third person (*see People v Bolling*, 49 AD3d 1330, 1332 [2008]; *see generally People v Robinson*, 88 NY2d 1001 [1996]). In any event, the alleged error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted had it not been for the alleged error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant further contends that the court abused its discretion in denying his request for a missing witness charge with respect to three individuals who were present in the store before defendant arrived there. Defendant requested the charge after the People rested, although the witness list provided to defendant before the commencement of the trial did not indicate that the People intended to call those individuals as witnesses. We therefore conclude that the court properly determined that defendant's request for the missing witness charge was not made "as soon as practicable" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]). In any event, we conclude that the court did not abuse its discretion in further determining that the People met their burden of establishing that the testimony of those individuals would be cumulative to the testimony of the victim, the codefendant and the surveillance video (*see People v Sweney*, 55 AD3d 1350 [2008]; *see generally Gonzalez*, 68 NY2d at 427-428).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). In any event, although we agree with defendant that certain remarks by the prosecutor were improper inasmuch as they "play[ed] on the sympathies and fears of the jury," we nevertheless conclude that the misconduct was not so egregious as to deprive defendant of a fair trial (*People v Ortiz-Castro*, 12 AD3d 1071 [2004], *lv denied* 4 NY3d 766 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.