The People of the State of New York, Respondent, v Ibriel Sumter, Appellant. [891 NYS2d 794]—

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant failed to preserve for our review his contention that County Court should have suppressed the in-court identifications of him by three police investigators based on the insufficiency of the CPL 710.30 notice (see People v Robinson, 28 AD3d 1126, 1129 [2006], lv denied 7 NY3d 794 [2006]; People v Topolski, 28 AD3d 1159, 1161 [2006], lv dismissed 6 NY3d 898 [2006], lv denied 7 NY3d 764, 795 [2006]). In any event, that contention is without merit. The CPL 710.30 notice set forth the date of the identification proceeding, the location where it occurred and the manner of identification, and we thus conclude that the notice was sufficient "to facilitate . . . defendant's opportunity to challenge" that identification proceeding (People v Lopez, 84 NY2d 425, 428 [1994]; see People v Del Valle, 234 AD2d 634, 635 [1996], lv denied 89 NY2d 1010 [1997]; People v Mayers, 233 AD2d 407 [1996], lv denied 89 NY2d 944 [1997]). There is no support in the record for

defendant's further contention that multiple identification proceedings occurred in this case.

We agree with defendant, however, that the court erred in admitting in evidence testimony concerning the seizure of $1,027 in cash from defendant at the time of his arrest, as well as the cash itself. Defendant was arrested over one month after the drug sales that were the basis for the charges against him, and the People failed to establish a relationship between that cash and the charges in question. We thus conclude that defendant's possession of the cash was "too remote to the issue of [defendant's] intent to sell drugs to outweigh the potential for prejudice inherent in the admission of evidence which invited the jury to speculate that defendant had previously sold drugs" (*People v Corbitt*, 221 AD2d 809, 810 [1995]). Nevertheless, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.