■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COMERFORD, Appellant. [895 NYS2d 621]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered April 20, 2009. The judgment convicted defendant, upon a jury verdict, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law § 130.25 [3]). Defendant failed to preserve for our review his contention that there was a *Rosario* violation because the People did not adequately identify or label a statement made by a prosecution witness (*see People v Bennett*, 52 AD3d 1185, 1186-1187 [2008], *lv denied* 11 NY3d 734 [2008]; *People v Powell*, 234 AD2d 905 [1996], *lv denied* 89 NY2d 1098 [1997]) and, in any event, that contention lacks merit. Defendant also failed to preserve for our review his contention that Supreme Court erred in allowing the People to present rebuttal testimony inasmuch as defendant failed to object to that proffered testimony at trial (*see People v Peterkin*, 12 AD3d 1026, 1028 [2004], *lv denied* 4

NY3d 766 [2005]; *People v Jones*, 254 AD2d 780 [1998], *lv denied* 92 NY2d 1050 [1999]). In any event, the rebuttal testimony was relevant to the issues of consent and defendant's consciousness of guilt, and thus it was not limited to " 'collateral matters inquired into solely to affect credibility' " (*People v Pavao*, 59 NY2d 282, 288 [1983]).

We reject the contention of defendant that the court abused its discretion in refusing to permit him to recall a witness after the close of proof. Defendant previously had been afforded a full and fair opportunity to cross-examine the witness concerning the victim's statements, emotional state and physical appearance after the rape but failed to avail himself of that opportunity (*see People v Adeyemi*, 32 AD3d 755 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Wegman*, 2 AD3d 1333, 1335 [2003], *lv denied* 2 NY3d 747 [2004]; *People v Svanberg*, 293 AD2d 555 [2002], *lv denied* 98 NY2d 713 [2002]).

Defendant further contends that the court erred in allowing the People to bolster the victim's testimony through the testimony of three other witnesses. Defendant failed to object to the testimony of two of those witnesses, and thus his contention with respect to those two witnesses is not preserved for our review (*see People v Burnett*, 306 AD2d 947, 948 [2003]). With respect to the third witness in question, defendant's objection to his testimony on the grounds of hearsay and lack of foundation was insufficient to preserve his contention with respect to bolstering for our review (*see People v West*, 56 NY2d 662 [1982]; *People v Smith*, 24 AD3d 1253 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Jacque*, 2 AD3d 1362 [2003], *lv denied* 2 NY3d 741 [2004]). In any event, defendant's contention lacks merit. The testimony of one of the witnesses in question did not concern a prior statement of the victim, and the testimony of the other two witnesses fell within various exceptions to the hearsay rule and thus did not constitute improper bolstering (*see generally People v Buie*, 86 NY2d 501, 510 [1995]; *People v Stevens*, 57 AD3d 1515 [2008], *lv denied* 12 NY3d 822 [2009]). Finally, contrary to defendant's contention, we conclude that the court's evidentiary rulings were not inconsistent. Present— Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.