THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEGLOYDE POLES, Appellant. [895 NYS2d 755]—

Appeal from a judgment of the Supreme Court, Monroe County (Raymond E. Cornelius, J.), rendered May 5, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]) and criminal possession of a

weapon in the third degree (§ 265.02 [former (4)]). Defendant contends that the CPL 710.30 notice was insufficient because it did not include the names of the witnesses who identified defendant from photo arrays prior to trial. We reject that contention. Even assuming, arguendo, that the People were required to serve a CPL 710.30 notice for those pretrial identifications of defendant (*see People v Grajales*, 8 NY3d 861, 862 [2007]), we conclude that the notice was sufficient because it set forth "the date of the identification proceeding, the location where it occurred and the manner of identification" (*People v Sumter*, 68 AD3d 1701, 1701 [2009]; *see People v Lopez*, 84 NY2d 425, 428 [1994]).

Defendant failed to preserve for our review his contention that Supreme Court's initial aggressor charge was improper (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We further conclude that defense counsel was not ineffective in requesting the charge, which comports with that set forth in the Pattern Criminal Jury Instructions (*see* CJI2d[NY] Defense, Justification: Use of Deadly Physical Force in Defense of a Person; *see also People v McWilliams*, 48 AD3d 1266, 1267 [2008], *lv denied* 10 NY3d 961 [2008]). Contrary to the contention of defendant in his main and pro se supplemental briefs, defense counsel's representation, viewed in its entirety, was meaningful (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We have considered the remaining contentions of defendant in his pro se supplemental brief and conclude that none requires reversal. Present—Scudder, P.J., Fahey, Lindley and Green, JJ.