■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE CARR, JR., Appellant. [894 NYS2d 653]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 21, 2007. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). We previously affirmed the judgment convicting defendant's son of, inter alia, the attempted murder of the victim herein (*People v Carr*, 59 AD3d 945 [2009], *lv granted* 12 NY3d 852 [2009]). We reject the challenge by defendant to Supreme Court's denial of his request for a missing witness charge with respect to the victim's companions inasmuch as the request was not timely (*see id.* at 946; *see generally People v Gonzalez*, 68 NY2d 424, 427 [1986]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]), and we reject that contention in any event for the same reasons as those set forth in our decision concerning defendant's son (*see Carr*, 59 AD3d at 946).

We reject defendant's further contention that the evidence is legally insufficient to support the conviction (*see generally*

*People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence, which included a surveillance video, established that defendant and his son chased the victim through a store and that, as the victim was exiting the store, defendant held a large knife over his head. A security guard at a nearby apartment complex testified that the victim was lying on the sidewalk when defendant's son shot him and defendant struck him with a knife. Indeed, defendant testified that he struck the victim in the shoulder with a knife. The medical testimony presented by the People established that the victim sustained lacerations and that the gunshot wounds were life-threatening. We note that defendant was charged and convicted as an accomplice, and we therefore reject his contention that the evidence is legally insufficient to establish the element of intent with respect to the attempted murder count (*see id.* at 495), as well as the remaining counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]), and criminal possession of a weapon in the third degree (§ 265.02 [1], [former (4)]) in connection with the accessorial possession of the gun (*see generally Bleakley*, 69 NY2d at 495).

Defendant also contends that the verdict is against the weight of the evidence because, according to his trial testimony, his actions were justified. In support of that contention, defendant relies on his testimony that one of the victim's companions threatened to shoot him when they left the store and that he was fearful of that group of men because they had attacked both himself and his son approximately one year earlier. He further testified that he had been stabbed and shot during that incident. In addition, defendant testified that he believed that the victim and one of his companions had a gun during the instant incident, based upon their hand gestures. Nevertheless, even assuming, arguendo, that a different result would not have been unreasonable (*see id.*), we reject defendant's contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.