# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**93**

**KA 08-01199**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

KEVIN C. JOHNSON, ALSO KNOWN AS "STUNT,"
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered May 16, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that County Court improperly instructed the jury with respect to his justification defense. Defendant failed to object to the justification charge as given, however, and his contention is thus unpreserved for our review (*see People v Carr*, 59 AD3d 945, 946, *affd* 14 NY3d 808; *People v Folger*, 292 AD2d 841, 842, *lv denied* 98 NY2d 675). In any event, we conclude that "the jury, hearing the whole charge, would gather from its language the correct rules [that] should be applied in arriving at [a] decision" (*People v Jones*, 100 AD3d 1362, 1366 [internal quotation marks omitted]). Because the court did not erroneously instruct the jury regarding justification, defense counsel was not ineffective for failing to object to that charge (*see People v Fairley*, 63 AD3d 1288, 1290, *lv denied* 13 NY3d 743). Nor was defense counsel ineffective for failing to amend his pretrial motion papers; even had an amendment resulted in a reopened or enlarged suppression hearing, defendant cannot show that any evidence would have been consequently suppressed (*see People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868; *see also People v Caban*, 5 NY3d 143, 152).

Finally, there being no dispute that defendant shot the unarmed

victim multiple times at close range with an illegal handgun, we reject his contention that the verdict is against the weight of the evidence with respect to the murder conviction because the People failed to disprove his justification defense (*see generally People v Danielson*, 9 NY3d 342, 348-349). Defendant had sought out the victim, whose nickname was "Mooch," and he found him sitting on a stoop, smoking a cigarette with a female. Defendant then approached him, gun drawn, and said, "Hey, yo, Mooch, that's how you feel?" Almost immediately thereafter, defendant fired four or five shots at the victim. Three of the bullets struck the victim, one of which went through his heart and killed him almost instantaneously. Defendant then fled on foot. When arrested three days later, defendant admitted to the police that he shot the victim, explaining that he did so because he feared that, due to a dispute over drug money, the victim was going to kill him "sooner or later." Thus, although defendant testified at trial that he believed that the victim was reaching for a gun in his waistband moments before he shot him, we nevertheless conclude that the People disproved the justification defense beyond a reasonable doubt (*see People v McCallum*, 96 AD3d 1638, 1639, *lv denied* 19 NY3d 1103; *People v Rogers*, 94 AD3d 1152, 1152; *People v Fisher*, 89 AD3d 1135, 1137-1138, *lv denied* 18 NY3d 883).

Entered: February 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court