# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**947**

**KA 09-01395**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DONOVAN HUMPHREY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 27, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) and assault in the second degree (§ 120.05 [2]). Defendant failed to preserve for our review his contention that Supreme Court erred in permitting the People to introduce evidence of a prior uncharged crime inasmuch as he never objected to the evidence on that ground (*see People v Nappi*, 83 AD3d 1592, 1594, *lv denied* 17 NY3d 820). In any event, that contention is without merit. Photographs of defendant holding what appeared to be a rifle "[are] not evidence of an uncharged crime absent further proof that his possession of th[at] item[] was illegal" (*People v Hucks*, 292 AD2d 833, 833, *lv denied* 98 NY2d 697; *see generally People v Hillard*, 79 AD3d 1757, 1758, *lv denied* 17 NY3d 796). "[M]ere speculation that a jury may discern something sinister about a defendant's behavior does not render such behavior an uncharged crime" (*Hucks*, 292 AD2d at 833).

Defendant failed to preserve for our review his contention that the court erred in allowing the People to present rebuttal testimony on an allegedly collateral matter inasmuch as he failed to object to such testimony at trial (*see People v Comerford*, 70 AD3d 1305, 1305-1306; *People v Clabeaux*, 277 AD2d 988, 988, *lv denied* 96 NY2d 781), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant likewise failed to preserve for our review his challenge to

the jury charge with respect to his justification defense (*see People v Johnson*, 103 AD3d 1226, 1226, *lv denied* 21 NY3d 944; *People v Poles*, 70 AD3d 1402, 1403, *lv denied* 15 NY3d 808; *People v McWilliams*, 48 AD3d 1266, 1267, *lv denied* 10 NY3d 961).  In any event, we conclude that the court's justification charge does not require reversal. "[D]espite the absence of the word 'deadly' from that part of the court's charge defining the term initial aggressor, the court's justification charge adequately conveyed to the jury that defendant could be justified in the use of deadly physical force to defend himself against deadly physical force initiated by [others].  Thus, the justification charge, viewed in its entirety, was 'a correct statement of the law' " (*McWilliams*, 48 AD3d at 1267, quoting *People v Coleman*, 70 NY2d 817, 819).  Finally, "[b]ecause the court did not erroneously instruct the jury regarding justification, defense counsel was not ineffective for failing to object to that charge" (*Johnson*, 103 AD3d at 1226).

Entered:  September 27, 2013                Frances E. Cafarell
                                            Clerk of the Court