# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1058

KA 09-00789

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GLEN DAVIS, ALSO KNOWN AS THOMAS DAVIS,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GLEN DAVIS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 4, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Viewing the evidence in light of the elements of murder in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Defendant's further contention that County Court erred in failing to charge the jury on justification with respect to ordinary physical force, as opposed to deadly physical force, is not preserved for our review (*see People v Carr*, 59 AD3d 945, 946, *affd* 14 NY3d 808; *People v Johnson*, 103 AD3d 1226, 1226, *lv denied* 21 NY3d 944). In any event, that contention lacks merit. Inasmuch as "the charge against defendant required proof of his use of deadly physical force, the court properly instructed the jury on deadly physical force as part of defendant's justification defense" (*People v Davis*, 118 AD2d 206, 210, *lv denied* 68 NY2d 768). Contrary

to the contention of defendant in his pro se supplemental brief, defense counsel was not ineffective in failing to seek an instruction with respect to ordinary physical force because an attorney's "failure to 'make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see Johnson*, 103 AD3d at 1226).

Defendant's remaining contentions are in his main brief and concern the court's preclusionary rulings.  None of those contentions requires reversal or modification of the judgment of conviction.

First, defendant contends that the court erred in precluding defendant from testifying that over one month before the murder he and the victim had an exchange in which the victim asked defendant why defendant was "clocking," i.e., watching, the victim.  Although defendant contends that such statement could be considered a threat, we conclude that "[i]t was within the court's discretion to preclude [that testimony] as too speculative or conjectural to be presented to the jury" (*People v Parks*, 85 AD3d 557, 557-558, *lv denied* 17 NY3d 904).

Second, defendant contends that he was thwarted in his efforts to explain his fear of the victim when the court refused to allow him to testify as to what two associates of the victim had told defendant about leaving the apartment building in which defendant resided.  Even assuming, arguendo, that defendant preserved his contention for our review, we conclude that any error in precluding defendant from testifying on this point is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  We note in particular that "the precluded testimony was essentially cumulative of other evidence presented at trial" and that "defendant was provided a meaningful opportunity to present a complete defense" (*People v Ramsey*, 59 AD3d 1046, 1048, *lv denied* 12 NY3d 858 [internal quotation marks omitted]).  Here, defendant testified that a competing drug dealer known to defendant had been shot by the victim, that the victim and associates of the victim had severely beaten defendant, and that the victim had frightened defendant and defendant's girlfriend into moving from the apartment building in which they resided.

Third, defendant contends that the court erred in refusing to allow him to explain his state of mind in returning to the apartment building from which he had previously moved on the day of the shooting.  The court did not in fact preclude such testimony, however, inasmuch as the court permitted defendant to testify that he did not anticipate the presence of the victim or the victim's associates on the morning of the shooting.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court