# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**7**

**KA 08-01206**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER E. WALKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 4, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that Supreme Court's justification instruction to the jury was improper with respect to the "initial aggressor" language used therein. Initially, we reject the People's contention that defendant failed to preserve his contention for our review. "Regardless of whether defendant's objection to the testimony was sufficiently explicit, the trial court, in response to defendant's protest, 'expressly decided the question raised on appeal,' " and defendant's contention thus is preserved for our review (*People v Smith*, ___ NY3d ___, ___ [Dec. 17, 2013], quoting CPL 470.05 [2]; *see People v Eduardo*, 11 NY3d 484, 493). We agree with the People, however, that defendant's contention lacks merit. It is well settled that, upon a defendant's request, "a court must charge the jury on any claimed defense that is supported by a reasonable view of the evidence[,] which the court must assess in the light most favorable to the defendant" (*People v Taylor*, 80 NY2d 1, 12). The use of the "initial aggressor" language is warranted where, as here, there is an issue of fact whether defendant was the first person to use deadly physical force in the encounter (*see People v McWilliams*, 48 AD3d 1266, 1267, *lv denied* 10 NY3d 961; *People v Daniel*, 35 AD3d 877, 878, *lv denied* 8 NY3d 945). With that language, "the court's justification charge adequately conveyed to the jury that defendant could be justified in the use of deadly physical force to defend himself [or

another] against deadly physical force initiated by" the victim (*McWilliams*, 48 AD3d at 1267; *see People v Humphrey*, 109 AD3d 1173, 1174-1175).  Furthermore, the court's justification instruction, viewed as a whole, properly stated "the material legal principles applicable to the particular case, and, so far as practicable, explain[ed] the application of the law to the facts" (CPL 300.10 [2]; *see People v Drake*, 7 NY3d 28, 33-34).  Thus, " 'the jury, hearing the whole charge, would gather from its language the correct rules [that] should be applied in arriving at [a] decision' " (*Drake*, 7 NY3d at 34; *see People v Johnson*, 103 AD3d 1226, 1226, *lv denied* 21 NY3d 944).

We reject defendant's further contention that, in response to a jury question, the court erred in providing an expanded definition of intent with respect to, inter alia, the original charge of murder in the second degree (Penal Law § 125.25 [1]) and the manslaughter charge of which he was convicted.  When presented with a jury question, the court is obligated to provide a meaningful response pursuant to CPL 310.30 (*see People v Kadarko*, 14 NY3d 426, 429), and the court did so here.  Defendant's contention that the court's instruction unfairly highlighted evidence unfavorable to his defense is not supported by the record.  Moreover, the court did not by its supplemental instruction change the premise upon which defendant's summation was based, inasmuch as defendant's intent was at issue throughout the trial (*cf. People v Greene*, 75 NY2d 875, 876-877).  Defendant thus "was not denied an effective summation by reason of the court's charge on the issue of" defendant's intent (*People v Dewindt*, 156 AD2d 706, 708, *lv denied* 76 NY2d 733).

Defendant further contends that the verdict is against the weight of the evidence.  Based upon our independent review of the evidence pursuant to CPL 470.15 (5), and viewing the evidence in light of the elements of the crime of manslaughter in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we are satisfied that the verdict is not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court