People v Cruz (2019 NY Slip Op 06326)





People v Cruz


2019 NY Slip Op 06326


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


673 KA 18-00285

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMINICK CRUZ, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered December 2, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). The conviction stems from an incident in a parking lot near a bar where defendant and two of his friends had a physical altercation with three other men. The altercation resulted in one man being fatally shot, and another being injured by a gunshot. Defendant admitted firing those shots, but argued during trial that he acted in self-defense.
We reject defendant's contention that the verdict is against the weight of the evidence with respect to the justification defense (see People v Johnson, 103 AD3d 1226, 1226-1227 [4th Dept 2013], lv denied 21 NY3d 944 [2013]). Defendant testified that during the altercation he observed a "glint" and heard one of his friends say that "there was a knife." The People established, however, that the two victims were unarmed, and the jury could have reasonably determined that the other man was unarmed based on the testimony of eyewitnesses, who did not observe any weapons during the fight. Thus, "the jury could reasonably have concluded that the predicate for the use of deadly force[, that is,] the reasonable belief that one is under deadly attack[, was] lacking' " (People v Every, 146 AD3d 1157, 1162 [3d Dept 2017], affd 29 NY3d 1103 [2017]). Even assuming, arguendo, that defendant saw a knife, we conclude that the jury could have reasonably determined that the People proved beyond a reasonable doubt that "defendant did not believe deadly force was necessary or that a reasonable person in the same situation would not have perceived that deadly force was necessary" (People v Umali, 10 NY3d 417, 425 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]). Based on defendant's own trial testimony, the three men had run away from him and towards a wooded area by the time defendant retrieved the gun. Even if we were to credit defendant's version of events that the three men descended upon him after he retrieved the gun, defendant admitted that he did not shoot the man with the knife. Furthermore, defendant acknowledged that he "had time to take off towards [his] car," but opted to retrieve his gun and re-engage with the victims' group, rather than retreat from the fight, and therefore "the jury could reasonably have found that defendant could have safely retreated without killing [one victim and injuring another]' " (People v Estrada, 1 AD3d 928, 928-929 [4th Dept 2003], lv denied 1 NY3d 627 [2004]). Thus, we conclude that, although a different verdict would not have been unreasonable, when viewing [*2]the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and the jury did not fail to give the evidence the weight it should be accorded (see People v Kaba, 166 AD3d 1566, 1567 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]).
Defendant failed to object to County Court's charge to the jury on the justification defense and thus failed to preserve for our review his contention that the charge was insufficient because the jury was not instructed that they must assess the situation from defendant's point of view (see People v Heatley, 116 AD3d 23, 25-26 [4th Dept 2014], appeal dismissed 25 NY3d 933 [2015]). In any event, defendant's contention is without merit inasmuch as the language used by the court mirrored the language of the Criminal Jury Instructions and " the justification charge, viewed in its entirety, was a correct statement of the law' " (People v Ford, 114 AD3d 1221, 1221 [4th Dept 2014], lv denied 23 NY3d 962 [2014]; see CJI2d[NY] Defense, Justification: Use of Deadly Physical Force in Defense of a Person). Contrary to defendant's related contention, the court did not err in its instruction with respect to the count of criminal possession of a weapon in the second degree inasmuch as the court did not instruct the jury that the justification defense applied to that count (see People v Tyler, 147 AD3d 1441, 1442 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]).
Contrary to defendant's contention, the court did not abuse its discretion when it precluded defendant from recalling a prosecution witness (see People v Comerford, 70 AD3d 1305, 1306 [4th Dept 2010]; People v Wegman, 2 AD3d 1333, 1335 [4th Dept 2003], lv denied 2 NY3d 747 [2004]). "Defendant previously had been afforded a full and fair opportunity to cross-examine the witness concerning [that witness's] statements [to the police at the crime scene] but failed to avail himself of that opportunity" (Comerford, 70 AD3d at 1306). We reject defendant's further contention that the court abused its discretion in precluding defendant from testifying that he "could just tell that" one of the victims was drunk and high inasmuch as defendant's opinion lacked a sufficient basis (cf. People v Casco, 77 AD3d 848, 849 [2d Dept 2010], lv denied 16 NY3d 742 [2011]).
Defendant further contends that he was denied a fair trial by prosecutorial misconduct during the cross-examination of defendant and during summation. Most of the instances of alleged impropriety are not preserved for our review (see CPL 470.05 [2]). In any event, in the instances where defendant did object, the court issued curative instructions (see People v Hunt, 172 AD3d 1888, 1889 [4th Dept 2019]; People v Wallace, 59 AD3d 1069, 1071 [4th Dept 2009], lv denied 12 NY3d 861 [2009]), and the prosecutor's cross-examination of defendant was not improper and the prosecutor's summation was "a fair response to defense counsel's summation or fair comment on the evidence" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012]; see Hunt, 172 AD3d at 1889; Wallace, 59 AD3d at 1071). Inasmuch as we conclude that there was no prosecutorial misconduct, we reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged improprieties (see People v Townsend, 171 AD3d 1479, 1481 [4th Dept 2019]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court