People v Irizarry (2021 NY Slip Op 06770)





People v Irizarry


2021 NY Slip Op 06770


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Ind No. 1338/16 Appeal No. 14392 Case No. 2018-04284 

[*1]The People of the State of New York, Respondent,
v
Alexis Irizarry, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Miriam R. Best, J.), rendered July 27, 2018, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.
As a preliminary matter, contrary to the People's contention, defendant has properly preserved all of his claims for this Court's review (CPL 470.05 [2]; see People v Miranda, 27 NY3d 931, 932-933 [2016]).
On the merits, the trial court properly declined to instruct the jury on the defense of justification (see Penal Law § 35.15 [2]). A defendant is entitled to a justification charge only where a reasonable view of the evidence, viewed in the light most favorable to the defendant, would support a finding of that defense (People v Cox, 92 NY2d 1002, 1004-1005 [1998]; People v Watts, 57 NY2d 299, 301 [1982]). However, an initial aggressor with respect to deadly force is only entitled to the defense of justification where he withdrew from the encounter, effectively communicated such withdrawal, and the other person continued the incident with deadly force (see Penal Law § 35.15 [1] [b]; People v Brown,33 NY3d 316, 323 [2019]). Where a defendant responds to the use of ordinary force with deadly force, "the term initial aggressor is properly defined as the first person in the encounter to use deadly physical force" (Brown,33 NY3d at 321-322, quoting People v McWilliams, 48 AD3d 1266, 1267 [4th Dept 2008]).
The evidence at trial establishes that defendant immediately responded to the complainant's use of ordinary force with deadly force by stabbing the complainant with a dangerous instrument (see Brown,33 NY3d at 321-322; People v Torres, 252 AD2d 60, 64-65 [1st Dept 1999]). Video footage of the encounter clearly shows defendant gripping a shiny object and making repeated stabbing motions toward the complainant, in response to the complainant's punch. While the exact instrument used by defendant is unclear, both the emergency medical technician and the attending doctor at the hospital testified as to seeing deep stab wounds on the complainant. These wounds, in the attending doctor's expert opinion, were consistent with the puncture of a sharp object.
The record in no way reflects that the complainant was armed or about to use deadly force (see People v Taylor, 134 AD3d 508, 509 [1st Dept 2015], lv denied 28 NY3d 1075 [2016] [denial of justification charge proper where "there was no reasonable view that defendant believed, or had reason to believe, that the victims, along with their fellow club employees, were using anything more than ordinary physical force"]). Although the complainant had friends in the nearby bodega, the video footage clearly shows that they kept their distance from the fight (see id).While the complainant admitted to being drunk and high on cocaine during the occurrence, there is no evidence that defendant [*2]was aware of these facts.
Thus, there is no evidence justifying defendant's escalation of the encounter, and no reasonable jury could conclude that defendant effectively withdrew from the encounter (see Brown, 33 NY3d at 323; Penal Law § 35.15 [1] [b]).
Defendant's argument that the trial court should have instructed the jury on the lesser included offense of assault in the third degree is also unavailing. Although third-degree assault is a lesser included offense of second-degree assault, there is no reasonable view of the evidence to support a finding that the complainant's injuries were caused without the use of a sharp object (see Penal Law § 120.05 [2]; People v Sanders, 194 AD3d 652, 652-653 [1st Dept 2021]).
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021