■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN A. JAMES, Appellant. ▬▬▬▬▬▬▬▬▬▬
■▬▬ Memorandum: Defendant's statement to the police during booking was not the product of "subtle maneuvering" by the police designed to evoke an admission from him (*see, People v Rivers,* 56 NY2d 476, 479-480; *cf. People v Lanahan,* 55 NY2d 711; *People v Lucas,* 53 NY2d 678). It resulted from the response of the police officer to defendant's questions and was properly admitted into evidence as a spontaneous declaration. Moreover, the unobjected-to failure of the trial court to instruct the jury on the requirements for corroboration (Penal Law §§ 130.16, 130.30, 260.11) may not be reviewed by us as a matter of law (*see, People v Karabinas,* 63 NY2d 871; *People v Johnson,* 61 NY2d 656; *People v Creech,* 60 NY2d 895). Other issues raised have been examined and found to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J. — rape, second degree, and another charge.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.