■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD ALLS, Appellant. [601 NYS2d 749] —Judgment unanimously affirmed. Memorandum: Warren Griffin was killed and Kevin Barber and David Wright were injured during an exchange of gunfire in front of a residence on Odell Street in Lackawanna. Defendants Reginald Alls, Anthony R. "Knee" Taylor, Anthony D. "Tate" Taylor and Allen Taylor were jointly tried on charges of murder, attempted murder, criminal possession of weapons, and other offenses stemming from that incident. Alls and Knee Taylor appeal from judgments convicting them of the attempted murder of Barber and Wright and of criminal possession of a weapon.

The trial court did not abuse its discretion by refusing to accept defendants' waiver of sequestration of the jury *(see, People v Webb,* 78 NY2d 335). The charges were serious and it was obvious from the responses of prospective jurors that the shootout and trial had received considerable attention in the media. Moreover, testimony revealed that a witness had been intimidated by one of the victims prior to trial. Under the circumstances, it was not improper for the court to refuse defendants' waiver and to sequester the jurors pursuant to CPL 310.10.

Although the prosecutor during summation improperly alluded on three occasions to defendants' failure to come forward with evidence, the trial court sustained objections to each comment and on each occasion, issued a curative instruction. Any prejudice to defendants was alleviated by those instructions. The prosecutor's comments and other alleged instances of misconduct were not so egregious as to deprive defendants of a fair trial *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031; *cf., People v Mott,* 94 AD2d 415, 418-419).

We reject Alls' contention that the People failed to present legally sufficient evidence to prove that he intended to kill David Wright. The jury could have concluded that, before the shooting started, Barber and Griffin were intended victims and that Alls did not know that Wright was in the vehicle. After the shooting started, however, Wright stepped out of the car and identified himself. The shooting continued and Wright received four bullet wounds. Wright and Barber both identified Alls as one of the persons shooting at them from behind bushes in front of an Odell Street residence. Viewing the evidence in the light most favorable to the People and according the People the benefit of every reasonable inference *(see,*

*People v Jackson,* 65 NY2d 265, 270-272; *People v Contes,* 60 NY2d 620, 621), we conclude that the evidence was sufficient to prove that Alls intended to kill David Wright.

We also reject Alls' contention that the People failed to present legally sufficient evidence to disprove their defense of justification. Barber and Wright testified that the shooting started when Alls and Tate Taylor fired at the vehicle they were in while Barber was backing the car out of an alleyway. Although Tate Taylor testified that shots were fired first from the direction of the car as he and Alls were attempting to reenter the residence, that testimony presented a credibility issue for the jury to resolve. We perceive no reason to disturb the jury's resolution of that issue. With respect to Alls, the proof of guilt was legally sufficient, the jury's verdict was not contrary to the weight of evidence, and the imposition of consecutive maximum terms of imprisonment for each count of attempted murder was not, in the circumstances of this case, harsh or excessive.

We conclude, however, that the People failed to present evidence sufficient to support the jury's verdict that Knee Taylor was guilty of the attempted murder of Barber and Wright. Knee Taylor was charged as an accessory to attempted murder. In the context of this case, the People were required to prove that Knee Taylor intentionally aided Alls and Tate Taylor in the commission of the attempted murder of Barber and Wright and that he did so with the intent, or the shared intent, of killing Barber and Wright *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405, 412; *People v Hayes,* 117 AD2d 621, 622, *lv denied* 68 NY2d 668). Neither Barber nor Wright identified Knee Taylor as one of the persons shooting at them, and no prosecution witness testified that Knee was present during the shooting. Thus, the judgment is modified to reverse Knee Taylor's conviction of two counts of attempted murder in the second degree, to vacate the sentences imposed thereon and to dismiss those counts of the indictment. (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.