# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

385
KA 10-01386
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY PEARSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 22, 2010. The judgment convicted defendant, upon a nonjury verdict, of attempted murder in the second degree, aggravated criminal contempt and aggravated harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), aggravated criminal contempt (§ 215.52 [1]) and aggravated harassment in the second degree (§ 240.30 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent to kill the victim inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61, rearg denied 97 NY2d 678). In any event, that contention is without merit (see generally People v Danielson, 9 NY3d 342, 349). County Court reasonably could have inferred such intent from defendant's numerous threats to kill the victim and his subsequent conduct of stabbing the victim five times in the chest (see People v Massey, 61 AD3d 1433, 1433-1434, lv denied 13 NY3d 746; People v Ortiz, 212 AD2d 444, 445, lv denied 85 NY2d 941). Contrary to defendant's further contention, the court was not empowered to consider the lesser included offense of assault in the second degree (§ 120.05 [1]) because there is no "reasonable view of the evidence . . . that would support a finding that" defendant intended to cause serious physical injury to the victim but did not intend to kill her (People v Glover, 57 NY2d 61, 63). Viewing the evidence in light of the elements of the crime of attempted murder in the second degree in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that

the verdict with respect to that crime is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Although defendant contends that the court erred in refusing to suppress statements that he made to police after he was arrested, such statements were never used at trial, and thus defendant's contention is moot. The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  March 23, 2012                                    Frances E. Cafarell
                                                            Clerk of the Court