Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 18, 2015. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the first degree and criminal possession of a weapon in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that the evidence is legally insufficient to support his conviction of manslaughter because he was too intoxicated to form the requisite intent to cause serious physical injury to another person. We conclude that defendant failed to preserve that contention for our review inasmuch as his general motion for a trial order of dismissal was not “ ‘specifically directed’ at” that alleged shortcoming in the evidence (People v Gray, 86 NY2d 10, 19 [1995]; see generally People v Fafone, 129 AD3d 1667, 1668 [2015], lv denied 26 NY3d 1039 [2015]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that a rational trier of fact could infer that defendant intended to cause serious physical injury (see generally People v Hunter, 70 AD3d 1388, 1388 [2010], lv denied 15 NY3d 751 [2010]).
 

 Inasmuch as defendant failed to renew his motion for a trial order of dismissal after he presented a justification defense at trial, his further contention that the evidence is legally insufficient to support the conviction of manslaughter in the first degree because the People failed to disprove that defense is also unpreserved for our review (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; see also People v Diehl, 128 AD3d 1409, 1410 [2015]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). County Court, as the finder of fact, “was entitled to discredit the testimony of defendant” that the victim was the initial aggressor and was armed with a “big knife” (People v Streeter, 21 AD3d 1291, 1292 [2005], Iv denied 6 NY3d 898 [2006]). We note that the court “was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the [court] failed to give the evidence the weight it should be accorded” (People v Carter, 145 AD3d 1567, 1568 [2016] [internal quotation marks omitted]; see People v Chelley, 121 AD3d 1505, 1506 [2014], lv denied 24 NY3d 1218 [2015], denied reconsideration 25 NY3d 1070 [2015]).
 

 Even assuming, arguendo, that defendant preserved for our review his contention that his oral statements to the police were custodial in nature and unlawfully obtained in violation of his rights under Miranda v Arizona (384 US 436 [1966]), we conclude that defendant abandoned that contention by failing to seek a ruling on that part of his omnibus motion seeking to suppress his statements and by failing to object to the admission in evidence of his statements at trial (see People v Adams, 90 AD3d 1508, 1509 [2011], Iv denied 18 NY3d 954 [2012]). Moreover, even assuming, arguendo, that the court did deny that part of defendant’s omnibus motion seeking to suppress his statements, we cannot consider the merits of defendant’s contention inasmuch as it was “defendant’s obligation to prepare a proper record” (People v Olivo, 52 NY2d 309, 320 [1981], rearg denied 53 NY2d 797 [1981]), and defendant failed to include in the record on appeal his omnibus motion challenging the admissibility of the statements, a transcript of a pretrial Huntley hearing, and the court’s suppression ruling (see generally People v Smith, 147 AD3d 1527, 1530 [2017], Iv denied 29 NY3d 1087 [2017]).
 

 Defendant contends that the court abused its discretion in denying his request for a mistrial on the ground that he was denied his right to a fair trial by the testimony of a jailhouse informant. We conclude that defendant’s contention is unpre-served for our review inasmuch as the record establishes that defendant did not request a mistrial (see CPL 470.05 [2]). Furthermore, defendant consented to the People’s motion to withdraw the informant’s testimony, and he did not oppose the court’s proposed remedy of striking the informant’s testimony from the record. The trial court was in the best position to determine the remedy necessary to protect defendant’s right to a fair trial (see e.g. People v Duell, 124 AD3d 1225, 1228 [2015], lv denied 26 NY3d 967 [2015]; People v Lewis, 247 AD2d 866, 866 [1998], Iv denied 93 NY2d 1021 [1999]) and, “in the absence of further objection or a request for a mistrial, [striking the informant’s testimony] ‘must be deemed to have corrected the error to the defendant’s satisfaction’ ” (People v Acosta, 134 AD3d 1525, 1526 [2015], lv denied 27 NY3d 990 [2016], quoting People v Heide, 84 NY2d 943, 944 [1994]).
 

 Present — Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.