People v Perkins (2018 NY Slip Op 02998)





People v Perkins


2018 NY Slip Op 02998


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


482 KA 16-00750

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER J. PERKINS, ALSO KNOWN AS GOTTI, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered April 27, 2016. The judgment convicted defendant upon a nonjury verdict of, inter alia, murder in the second degree (two counts) and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1]) and one count of attempted murder in the second degree (§§ 110.00, 125.25 [1]). The conviction arose from an incident involving an exchange of gunfire during which defendant shot at a vehicle occupied by a female driver and three male passengers, two of whom suffered fatal wounds. Defendant contends that the evidence is legally insufficient to establish his identity as the shooter and his intent to cause death. We reject that contention. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]; see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that the evidence is legally sufficient to sustain the conviction of murder and attempted murder. Based upon the trial evidence, including the testimony of the driver, the surviving passenger, and an uninvolved eyewitness, as well as defendant's admission during his own testimony supporting his justification defense that he possessed a handgun and fired at the vehicle, we conclude that the evidence is legally sufficient to establish defendant's identity as the shooter (see People v Carr, 99 AD3d 1173, 1174 [4th Dept 2012], lv denied 20 NY3d 1010 [2013]; People v Lemma, 273 AD2d 180, 180 [1st Dept 2000], lv denied 95 NY2d 906 [2000], reconsideration denied 96 NY2d 736 [2001]). Further, it is well established that "[i]ntent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (People v Price, 35 AD3d 1230, 1231 [4th Dept 2006], lv denied 8 NY3d 926 [2007]). The trial evidence established that, although they previously had a friendly relationship, the surviving passenger had punched defendant and broken his jaw months prior to the shooting incident, and they had encountered each other earlier on the night of the incident at a gathering during which defendant made arguably threatening gestures toward the surviving passenger. The evidence further established that the vehicle occupied by the driver, the surviving passenger, and the two rear passengers later pulled up to an intersection where defendant was conducting a drug transaction with another individual, at which point defendant approached with a handgun and fired 13 rounds into the vehicle, thereby killing the two rear passengers. Thus, "although defendant testified that he fired in self[-]defense [in response to gunfire from one of the rear passengers] and shot with his eyes closed, there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [County Court] on the basis of the evidence at trial,' i.e., that defendant intended to kill" the surviving passenger and two rear passengers (id.; see People v Alls, 195 AD2d 952, 952-953 [4th Dept 1993], lv denied 82 NY2d 890 [1993]).
We reject defendant's further contention that the verdict is against the weight of the evidence with respect to the murder and attempted murder conviction because the People failed to disprove his justification defense (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]). Although a different result would not have been unreasonable based on the evidence presented, upon " weigh[ing] the relative probative force of [the] conflicting testimony and the relative strength of [the] conflicting inferences that may be drawn from the testimony,' " we conclude that the court's verdict is not against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's testimony that, contrary to the accounts of the People's witnesses, the vehicle pulled up to the intersection, an antagonistic verbal exchange occurred, one of the rear passengers began firing his handgun at defendant and defendant returned fire in self-defense "presented a credibility issue for the [court] to resolve" (Alls, 195 AD2d at 953), and the court, "as the finder of fact, was entitled to discredit the testimony of defendant' that [one of the rear passengers] was the initial aggressor" (People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). Although defendant identifies reasons to question the veracity of the testimony of the driver and the surviving passenger that defendant was the initial aggressor (see People v Every, 146 AD3d 1157, 1161-1162 [3d Dept 2017], affd 29 NY3d 1103 [2017]), "the testimony of the People's witnesses was not incredible as a matter of law, i.e., it was not impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Resto, 147 AD3d 1331, 1334 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks omitted]). We conclude that "the court was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the [court] failed to give the evidence the weight it should be accorded" (Contreras, 154 AD3d at 1321 [internal quotation marks omitted]; see Alls, 195 AD2d at 953; see generally People v Richardson, 155 AD2d 488, 489 [2d Dept 1989]).
Defendant also contends that he was denied effective assistance of counsel at the suppression hearing. We reject that contention. The court properly concluded that defendant's statement to the police during booking after he invoked his right to counsel was not the product of " subtle maneuvering' " by the police designed to elicit a statement from him (People v Rivers, 56 NY2d 476, 480 [1982], rearg denied 57 NY2d 775 [1982]; see People v Johnson, 132 AD3d 1295, 1297-1298 [4th Dept 2015], lv denied 27 NY3d 1134 [2016]; People v James, 110 AD2d 1079, 1079 [4th Dept 1985]). Thus, defense counsel was not ineffective in failing to make a closing argument at the suppression hearing on that ground inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]).
Finally, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court