People v Addison (2020 NY Slip Op 03309)





People v Addison


2020 NY Slip Op 03309


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


300 KA 15-01173

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENJAMIN ADDISON, II, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered September 15, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law
§ 120.10 [1]). The conviction arises out of an incident in which defendant stabbed the victim during a violent confrontation over a traffic dispute. The victim suffered life-threatening injuries, including a collapsed lung. At trial, the jury rejected defendant's justification defense. We affirm.
A person is guilty of assault in the first degree under Penal Law § 120.10 (1) when he or she intentionally causes serious physical injury to another person by means of a deadly weapon or dangerous instrument. Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant further contends that the verdict is against the weight of the evidence with respect to the defense of justification, the element of serious physical injury, and the element of intent. Viewing the evidence in light of the jury instructions concerning the elements of the crime and the defense of justification (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention.
Given the proof that the victim suffered a collapsed lung, the jury reasonably found that he sustained a serious physical injury within the meaning of Penal Law § 10.00 (10) (see People v Wright, 105 AD2d 1088, 1088-1089 [4th Dept 1984]; see also People v Barbuto, 126 AD3d 1501, 1502 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]; People v Thompson, 224 AD2d 646, 647 [2d Dept 1996], lv denied 88 NY2d 970 [1996]). Moreover, defendant's intent to cause such injury may readily be inferred from the fact that he said, "I'm going to fucking kill you" while chasing the victim with a knife (see People v Pearson, 93 AD3d 1343, 1343 [4th Dept 2012], lv denied 19 NY3d 866 [2012]).
With respect to justification, "the Penal Law provides that a defendant is never justified in using deadly physical force if that defendant is the initial aggressor': the first person in an altercation who uses or threatens the imminent use of deadly physical force" (People v Brown, 33 NY3d 316, 320 [2019], quoting Penal Law
§ 35.15 [1] [b]; see generally People v McWilliams, 48 AD3d 1266, 1267 [4th Dept 2008], lv denied 10 NY3d 961 [2008]). The aggressive brandishing of a knife may reasonably constitute an implied threat of imminent deadly physical force (see People v Hagi, 169 AD2d 203, 211 [1st Dept 1991], lv denied 78 NY2d 1011 [1991]) and, here, three of the People's eyewitnesses [*2]testified that defendant accosted the victim with a knife before the victim reacted by throwing beer bottles at defendant. The defense's eyewitnesses, by contrast, arrived during the middle of the incident, did not observe defendant getting out of his truck, and could not identify the initial aggressor in the incident. Moreover, the evidence demonstrated that defendant never withdrew from the encounter (see generally § 35.15 [1] [b]). To the contrary, the evidence shows that defendant continued pursuing the fleeing victim throughout the incident. The jury was therefore justified in finding, beyond a reasonable doubt, that defendant was the initial aggressor and was thus not entitled to use deadly physical force against the victim (see People v Lewis, 46 AD3d 943, 945-946 [3d Dept 2007]; People v Young, 240 AD2d 974, 975-977 [3d Dept 1997], lv denied 90 NY2d 1015 [1997]; see also People v Contreras, 154 AD3d 1320, 1320-1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; People v Williams, 112 AD2d 176, 177 [2d Dept 1985]; see generally People v Delamota, 18 NY3d 107, 116-117 [2011]).
Defendant further contends that the prosecutor abused his discretion and deprived defendant of a fair trial by refusing to confer immunity on the victim for any crimes that the victim may have allegedly committed in having a sexual relationship with a 15-year-old female. The prosecutor's refusal to confer such immunity, defendant reasons, deprived him of the ability to effectively cross-examine the victim. We reject that contention. A prosecutor's decision to confer or withhold immunity "is discretionary and not reviewable unless [the prosecutor] acts with bad faith to deprive a defendant of his or her right to a fair trial" (People v Cotton, 162 AD3d 1638, 1638 [4th Dept 2018], lv denied 32 NY3d 1002 [2018] [internal quotation marks omitted]; see generally CPL 50.20 [2]). A prosecutor acts in bad faith or compromises the fairness of a trial where "witnesses favorable to the prosecution are accorded immunity while those whose testimony would be exculpatory of the defendant are not, or . . . where the failure to grant immunity deprives the defendant of vital exculpatory testimony" (People v Shapiro, 50 NY2d 747, 760 [1980]; see People v Owens, 63 NY2d 824, 825-826 [1984]; People v Whitfield, 115 AD3d 1181, 1183 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). Nothing of that sort occurred here; the prosecutor did not selectively confer immunity only on witnesses favorable to his case, nor was the collateral allegation of statutory rape related to the underlying events at issue in this case, much less in a fashion that could have exculpated defendant. Moreover, a witness's refusal to answer questions on cross-examination relating to general credibility—such as his or her prior commission of statutory rape—may be remedied by "instructing the jury to consider the testimony in light of the defendant's reduced ability to cross-examine" (People v Siegel, 87 NY2d 536, 544 [1995] [internal quotation marks and emphasis omitted]), and Supreme Court gave such an instruction in this case.
We reject defendant's further contention that the court erred in failing to sua sponte question him to ensure the voluntariness of his decision to forgo testifying at trial. "[T]he trial court does not have a general obligation to sua sponte ascertain if the defendant's failure to testify was a voluntary and intelligent waiver of his [or her] right" (People v Pilato, 145 AD3d 1593, 1595 [4th Dept 2016], lv denied 29 NY3d 951 [2017] [internal quotation marks omitted and emphasis added]). Although there are certain " exceptional, narrowly defined circumstances . . . [in which] judicial interjection through a direct colloquy with the defendant may be required to ensure that the defendant's right to testify is protected' " (People v Calkins, 171 AD3d 1475, 1476 [4th Dept 2019], lv denied 33 NY3d 1067 [2019]; see People v Madigan, 169 AD3d 1467, 1469 [4th Dept 2019], lv denied 33 NY3d 1033 [2019]), no such exceptional circumstances are present in this case (see Calkins, 171 AD3d at 1476). Contrary to defendant's assertion, defense counsel never suggested or implied on the record that the choice to testify or not testify was committed to the discretion of counsel.
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation is unpreserved for appellate review, and we decline to review that contention as a matter of discretion in the interest of justice (see People v Lathrop, 171 AD3d 1473, 1475 [4th Dept 2019], lv denied 33 NY3d 1106 [2019]). We are nevertheless compelled to emphasize that, contrary to defendant's assertions, there were no racial overtones whatsoever to the prosecutor's summation.
Finally, the sentence is not unduly harsh or severe.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court