People v Barkley (2022 NY Slip Op 00602)





People v Barkley


2022 NY Slip Op 00602


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1124 KA 16-00127

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES BARKLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 14, 2015. The judgment convicted defendant upon a nonjury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of assault in the second degree (Penal Law
§ 120.05 [2]). Contrary to defendant's contention, we conclude that the People established a sufficient foundation for the admission in evidence of recordings of telephone calls that defendant made while he was incarcerated (see People v Harlow, 195 AD3d 1505, 1508 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Williams, 55 AD3d 1398, 1399 [4th Dept 2008], lv denied 11 NY3d 901 [2008]; People v Manor, 38 AD3d 1257, 1258 [4th Dept 2007], lv denied 9 NY3d 847 [2007]). Defendant's further contention, that a different number of compact discs containing recorded jail calls were admitted at trial than at the Sirois hearing (see generally People v Geraci, 85 NY2d 359, 365 [1995]), is not preserved for our review inasmuch as defendant failed to object to the admission of the recordings in evidence at trial on that ground (see CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention that Supreme Court erred in admitting in evidence, as part of the People's case-in-chief, the grand jury testimony of the victim, who stopped cooperating with the prosecution and did not appear for trial. Although the prosecution generally may not use the grand jury testimony of an absent witness on its direct case, New York courts "have adopted an exception to this rule where it has been shown that the defendant procured the witness's unavailability through violence, threats or chicanery" (Geraci, 85 NY2d at 365; see People v Butler, 148 AD3d 1540, 1541 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]). Such testimony is admissible where, as here, the court conducts a Sirois hearing at which the People "demonstrate by clear and convincing evidence that the defendant engaged in misconduct aimed at least in part at preventing the witness from testifying and that those misdeeds were a significant cause of the witness's decision not to testify" (People v Smart, 23 NY3d 213, 220 [2014]; see People v Williams [appeal No. 2], 175 AD3d 980, 981 [4th Dept 2019], lv denied 34 NY3d 1020 [2019]; People v Vernon, 136 AD3d 1276, 1278 [4th Dept 2016], lv denied 27 NY3d 1076 [2016]). With respect to defendant's contention that the witness may have refused to testify due to her substance abuse issues or for other reasons and that the court thus erred in concluding that her refusal was due to defendant's actions, we note that "at a hearing held pursuant to Sirois and Geraci, the court may infer the requisite causation from the evidence of the defendant's coercive behavior and the actions taken by the witness in direct response to or within a close temporal proximity to that misconduct" (Smart, 23 NY3d at 220-221).
With respect to defendant's final contention, we conclude that any error in the admission, pursuant to the prompt outcry exception to the hearsay rule (see generally People v Rosario, 17 NY3d 501, 511-512 [2011]), of the statements made by the victim to the police at the scene of the crime is harmless. The victim gave the same description of the incident during her grand jury testimony as she gave to the police at the scene, and defendant was standing next to the victim at the scene. The evidence against defendant was overwhelming, and there was no significant probability that, had the error not occurred, the outcome of the trial would have been different (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Indeed, we note that the court, which was the factfinder in this nonjury trial, specifically stated that it would have reached the same result without that evidence.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court