People v Vazquez (2022 NY Slip Op 03623)

People v Vazquez

2022 NY Slip Op 03623

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

327 KA 20-00244

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDUARDO VAZQUEZ, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN R. LEWIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered October 2, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). The conviction stems from an incident in which defendant shot and killed the victim following an altercation that occurred outside of defendant's Syracuse home. We affirm.
We reject defendant's contention that the verdict is against the weight of the evidence with respect to the justification defense (see People v Johnson, 103 AD3d 1226, 1226-1227 [4th Dept 2013], lv denied 21 NY3d 944 [2013]; see generally People v Danielson, 9 NY3d 342, 348-349 [2007]). "When a defense of justification is raised, 'the People must prove beyond a reasonable doubt that [the] defendant's conduct was not justified' " (People v Umali, 10 NY3d 417, 425 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]; see Penal Law §§ 25.00 [1]; 35.00; People v Marchant, 152 AD3d 1243, 1245 [4th Dept 2017]). Specifically, in this case, "the People were required to prove either that defendant lacked a subjective belief that [his] use of deadly physical force was necessary to protect [himself] against [the victim's] imminent use of deadly physical force, or that a reasonable person in the same situation would not have perceived that deadly force was necessary" (Marchant, 152 AD3d at 1245 [internal quotation marks omitted]; see Penal Law § 35.15 [1], [2] [a]; Umali, 10 NY3d at 425).
Here, a different result would not have been unreasonable based on the evidence presented (see generally Danielson, 9 NY3d at 348). Nevertheless, viewing the evidence in light of the jury instructions concerning the elements of the crime and the defense of justification (see id. at 349), we conclude that, upon " 'weigh[ing] the relative probative force of [the] conflicting testimony and the relative strength of [the] conflicting inferences that may be drawn from the testimony,' " the verdict is not against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Perkins, 160 AD3d 1455, 1456 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]). Defendant's testimony that, contrary to the account established by the People's witnesses, the victim arrived at defendant's Syracuse home while carrying a handgun and threatening to kill defendant and his family merely "presented a credibility issue for the [jury] to resolve" (Perkins, 160 AD3d at 1456 [internal quotation marks omitted]; see People v Alls, 195 AD2d 952, 953 [4th Dept 1993], lv denied 82 NY2d 890 [1993]), and the jury, "as the finder of fact, 'was entitled to discredit the testimony of defendant' that the victim was the initial aggressor" (People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). We note that defendant's testimony that the victim was about to shoot him was [*2]contradicted by other evidence in the record (see People v Di Bella, 277 AD2d 699, 700-701 [3d Dept 2000], lv denied 96 NY2d 758 [2001]), and "the testimony of the People's witnesses was not incredible as a matter of law, i.e., it was not impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Resto, 147 AD3d 1331, 1334 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks omitted]). Ultimately, " 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015]; see Contreras, 154 AD3d at 1321).
Defendant did not object to Supreme Court's charge to the jury on the justification defense and therefore failed to preserve for review his contention that the charge was insufficient because the jury was not instructed that a justification defense could also include a defense of third parties and because the court did not relate the law on justification to the facts of this particular case (see People v Cruz, 175 AD3d 1060, 1061 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Heatley, 116 AD3d 23, 25-26 [4th Dept 2014], appeal dismissed 25 NY3d 933 [2015]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's next contention, the court properly refused to suppress statements that he made to a police officer during an interview that occurred after his warrantless arrest at a North Carolina residence on the ground that the arresting officers entered that home without consent in violation of Payton v New York (445 US 573 [1980]). " 'Where a person with ostensible authority consents to police presence on the premises, either explicitly or tacitly, the right to be secure against warrantless arrests in private premises as expressed in Payton v New York (445 US 573 [1980]) is not violated' " (People v Bunce, 141 AD3d 536, 537 [2d Dept 2016], lv denied 28 NY3d 969 [2016]). Inasmuch as consent may be established by conduct (see People v Huff, 133 AD3d 1223, 1223 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; People v Sinzheimer, 15 AD3d 732, 734 [3d Dept 2005], lv denied 5 NY3d 794 [2005]), we conclude that the conduct of defendant's stepson "in stepping aside from the door to admit the officers is enough to establish consent" (People v Davis, 120 AD2d 606, 607 [2d Dept 1986], lv denied 68 NY2d 769 [1986]; see People v Xochimitl, 147 AD3d 793, 794 [2d Dept 2017], affd 32 NY3d 1026 [2018]; People v Sigl, 107 AD3d 1585, 1586-1587 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]). Additionally, the testimony of police officers during the suppression hearing established that the stepson gestured to indicate that defendant was inside the home, and that the stepson did not otherwise object or offer resistance when the officers followed him inside (see People v Satornino, 153 AD2d 595, 595 [2d Dept 1989]; People v Long, 124 AD2d 1016, 1017 [4th Dept 1986]). Although the stepson testified at the suppression hearing that he did not consent to the officers' entry into the North Carolina home, "the credibility determinations of the suppression court[, which rejected that testimony,] are entitled to great deference on appeal and will not be disturbed [inasmuch as they are not] clearly unsupported by the record" (People v Howard, 129 AD3d 1469, 1470 [4th Dept 2015], lv denied 26 NY3d 968 [2015], reconsideration denied 26 NY3d 1089 [2015] [internal quotation marks omitted]; see People v Daniels, 147 AD3d 1392, 1392-1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; People v Johnson, 138 AD3d 1454, 1454 [4th Dept 2016], lv denied 28 NY3d 931 [2016]).
Defendant's remaining contention regarding the statements that he made during his postarrest interview with the police is unpreserved for our review (see People v Graham, 174 AD3d 1486, 1488 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Shire, 77 AD3d 1358, 1359 [4th Dept 2010], lv denied 15 NY3d 955 [2010]; see generally CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court