People v St. John (2023 NY Slip Op 02227)

People v John

2023 NY Slip Op 02227

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

304 KA 19-00985

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLEVELAND C. ST. JOHN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered September 26, 2018. The judgment convicted defendant upon a nonjury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant contends that County Court's conclusion that defendant was not justified in using deadly physical force and was therefore guilty of murder in the second degree is against the weight of the evidence. Viewing the evidence in light of the elements of that crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the court's rejection of the justification defense was not contrary to the weight of the evidence (see People v Allen, 183 AD3d 1284, 1286 [4th Dept 2020], affd 36 NY3d 1033 [2021]). The testimony of the People's witnesses and the surveillance videos showed that defendant and the victim had a physical altercation outside a convenience store, after which defendant walked away from the store and toward his girlfriend's home nearby. Two to three minutes later, defendant walked back toward the store. As he neared the victim, defendant ran toward the victim with a gun in his hand and shot the victim as the victim ran away. When the victim fell to the ground, defendant shot at him several more times.
The court, "as the finder of fact, 'was entitled to discredit the testimony of defendant' that the victim was the initial aggressor" and thus to conclude that defendant was not entitled to use deadly physical force against the victim (People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; see People v Addison, 184 AD3d 1099, 1101 [4th Dept 2020], lv denied 35 NY3d 1092 [2020]; see generally Penal Law § 35.15 [1] [b]; People v Petty, 7 NY3d 277, 285 [2006]). In addition, the surveillance videos established that the victim was not using or attempting to use deadly physical force when defendant chased him down and shot him (see People v Warner, 194 AD3d 1098, 1104 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]; People v Massey, 140 AD3d 1736, 1737 [4th Dept 2016], lv denied 28 NY3d 972 [2016]; People v Walker, 78 AD3d 1082, 1083 [2d Dept 2010]; see generally § 35.15 [2] [a]; People v Sparks, 29 NY3d 932, 934-935 [2017]). Moreover, the justification defense was inapplicable under the circumstances of this case inasmuch as defendant had the opportunity to retreat and failed to do so (see Massey, 140 AD3d at 1737; see generally § 35.15 [2] [a]).
Defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Defendant failed to raise a constitutional challenge before the court, however, and therefore any such contention is not preserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied — NY3d — [2023]; People v Reese, 206 AD3d 1461, 1462 [3d Dept 2022]). Contrary to defendant's contention, we conclude that his constitutional challenge is not exempt from the preservation rule (see People v Thomas, [*2]50 NY2d 467, 472-473 [1980]; Jacque-Crews, 213 AD3d at 1336). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court