People v Ortiz (2023 NY Slip Op 03619)

People v Ortiz

2023 NY Slip Op 03619

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

442 KA 20-00232

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OMAR ORTIZ, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered May 17, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree, criminal possession of a weapon in the second degree (four counts), criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he was denied due process of law and was prejudiced by the admission in evidence of body camera footage from a police officer who responded to the scene of the murder and subsequently followed the victim to the hospital. Inasmuch as defendant failed to object to the admission of the footage, that contention is not preserved for our review (see CPL 470.05 [2]; People v Barkley, 201 AD3d 1362, 1362 [4th Dept 2022], lv denied 38 NY3d 1007 [2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We note that the record reveals that the allegedly prejudicial portions of the footage were not played for the jury.
Defendant further contends that the verdict with respect to the murder count is against the weight of the evidence on the ground that defendant was justified in using deadly physical force against the victim (see Penal Law § 35.15 [2] [a], [b]). We reject that contention. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that County Court's charge on the defense of justification, which included both a theory of self-defense (see Penal Law § 35.15 [2] [a]) and a theory that the victim was involved in the commission of a robbery or attempted robbery (see § 35.15 [2] [b]), was improper and likely to confuse the jury. Inasmuch as defendant did not object to the court's charge, he failed to preserve that contention for our review (see People v Vazquez, 206 AD3d 1621, 1623 [4th Dept 2022], lv denied 39 NY3d 965 [2022]; People v Quick, 187 AD3d 1612, 1613 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]). In any event, it is without merit. Contrary to defendant's contention, the charge did not create a risk that the jury would conclude that the People were required to disprove beyond a reasonable doubt one of the theories of justification only, and the charge as a whole "adequately conveyed to the jury the correct principles of law to be applied to the case" (People v Bolling, 24 AD3d 1195, 1197 [4th Dept 2005], affd 7 NY3d 874 [2006] [internal quotation marks omitted]; see People v Cobb, 72 AD3d 1565, 1566 [4th Dept 2010], lv denied 15 NY3d 803 [2010]; cf. People v Coleman, 122 AD2d [*2]568, 569 [4th Dept 1986]).
Defendant's sentence is not unduly harsh or severe.
Finally, we have reviewed the remaining contentions raised by defendant on appeal and conclude that none warrants reversal or modification of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court