People v Howard (2024 NY Slip Op 00711)

People v Howard

2024 NY Slip Op 00711

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

884 KA 19-00949

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONKAVIUS D. HOWARD, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 7, 2019. The judgment convicted defendant upon a jury verdict of burglary in the first degree, assault in the second degree, aggravated criminal contempt and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]), assault in the second degree (§ 120.05 [3]), and aggravated criminal contempt (§ 215.52 [1]). The charges arose from an incident in which defendant broke into the house of his estranged wife, assaulted her in violation of an order of protection, and then attacked a police officer who responded to the 911 calls to the residence. The incident was captured on police body camera videos and on recorded 911 calls.
Defendant initially contends that the indictment must be dismissed because the prosecutor's opening statement was insufficient. We reject that contention. "The people must deliver an opening address to the jury" (CPL 260.30 [3]), which "should be a capsulized version 'of the evidence that [the prosecutor] expects to present, and the claim that [the prosecutor] will make with reference thereto, to the end that the jury, upon listening to the evidence, may better understand and appreciate its connection and bearing upon the case' " (People v Kurtz, 51 NY2d 380, 384 [1980], cert denied 451 US 911 [1981]). In criminal jury cases, "a trial court may not dismiss after opening unless it shall appear from the statement that the charge[s] cannot be sustained under any view of the evidence and it may dismiss then only after the prosecutor has been given an opportunity to correct any deficiency" (Matter of Timothy L., 71 NY2d 835, 838 [1988]; see People v Lewis, 272 AD2d 890, 890 [4th Dept 2000], lv denied 95 NY2d 891 [2000]). Moreover, " 'absent bad faith or undue prejudice, a trial will not be undone' simply because there was some defect in the prosecutor's opening to the jury" (Kurtz, 51 NY2d at 385; see People v Robbins, 229 AD2d 1008, 1008 [4th Dept 1996]). Here, although the prosecutor did not specifically delineate any of the "particular offenses" (Kurtz, 51 NY2d at 384), we conclude that her opening statement "was sufficient to apprise the jury of the nature of the case" (People v Nuffer, 70 AD3d 1299, 1300 [4th Dept 2010]) and that there is no indication of bad faith here that would warrant dismissal of the indictment based on any defect in the prosecutor's opening statement.
Defendant further contends that Supreme Court's jury instructions rendered the indictment duplicitous and confused the jury. Inasmuch as defendant did not object to those instructions, he failed to preserve his contentions for our review (see People v Wright, 213 AD3d 1196, 1196 [4th Dept 2023]; People v Vail, 174 AD3d 1365, 1366 [4th Dept 2019]; see also People v Ortiz, 217 AD3d 1550, 1551 [4th Dept 2023], lv denied 40 NY3d 998 [2023]; see generally People v Allen, 24 NY3d 441, 449 [2014]), and, inasmuch as any alleged errors in the instructions could easily have been corrected had defendant objected in a timely manner, we [*2]decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel. Contrary to defendant's contention, defense counsel did not become a witness against defendant "by explaining [defense counsel's] performance in response to defendant's general complaints about defense counsel," and "[d]efense counsel's explanations did not create a conflict of interest" (People v Avent, 178 AD3d 1403, 1405 [4th Dept 2019], lv denied 35 NY3d 940 [2020]; see People v Burney, 204 AD3d 1473, 1474-1475 [4th Dept 2022]; see generally People v Nelson, 7 NY3d 883, 884 [2006]). We also reject defendant's claim that defense counsel was ineffective because, in the course of cross-examining the People's witnesses, he elicited evidence of prior bad acts committed by defendant and because he failed to seek redaction of a criminal conviction mentioned on the order of protection issued in favor of the victim against defendant. This case "lack[ed] . . . any viable defense beyond attacking the credibility of the People's witnesses" (People v Harriger, 199 AD3d 1482, 1483 [4th Dept 2021]; cf. People v Wiggins, 213 AD2d 965, 966 [4th Dept 1995]), and defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's" actions (People v Nicholson, 26 NY3d 813, 831 [2016]; see generally People v Benevento, 91 NY2d 708, 712 [1998]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
All concur except Ogden and Nowak, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent inasmuch as we conclude that defendant was denied effective assistance of counsel as a result of defense counsel's failure to ensure that an order of protection admitted in evidence was redacted to exclude defendant's criminal history and defense counsel's actions in improperly opening the door to, among other things, evidence of defendant's criminal history and prior bad acts.
Meaningful representation is "reasonable competence, not perfect representation" (People v Carver, 27 NY3d 418, 422 [2016] [internal quotation marks omitted]). "However it is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense . . . and who is familiar with, and able to employ at trial basic principles of criminal law and procedure" (People v Droz, 39 NY2d 457, 462 [1976]). "Whether counsel has adequately performed these functions is necessarily a question of degree, in which cumulative errors particularly on basic points essential to the defense, are often found to be determinative" (id.).
Here, when the People sought to introduce the order of protection in evidence, defense counsel failed to seek removal of the portion of that order stating the crimes for which defendant had previously been convicted, despite the fact that Supreme Court previously denied the People's Sandoval application. Moreover, as a direct result of defense counsel's open-ended questions, a witness stated during cross-examination that defendant was previously incarcerated. Most critically, however, defense counsel's open-ended questioning of the victim during cross-examination revealed that defendant had, on a prior occasion, broken into her home through the basement window. In this prosecution for, inter alia, burglary in the first degree, we cannot foresee evidence being more prejudicial than testimony elicited by his own counsel that defendant previously committed the same criminal act against the same victim.
In our view, defense counsel's conduct "lacked a strategic or tactical rationale" (People v Stackhouse, 194 AD3d 113, 124 [4th Dept 2021]) and was instrumental "in bringing this highly prejudicial [information] to the attention of the jury" (Droz, 39 NY2d at 462; see People v Webb, 90 AD3d 1563, 1564 [4th Dept 2011], amended on rearg 92 AD3d 1268 [4th Dept 2012]). We would therefore reverse the judgment and grant a new trial.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court